### LOOK v. HINKLE.

Common Pleas Court, Summit County.

No. 174480. Decided October 19, 1950.

Richard Nye and Carl Myers, Akron, for plaintiff.
Lloyd Read, Akron, for defendant.

## OPINION

By EMMONS, J.

This cause came on to be heard upon the petition of the claimant asking that she be allowed to participate under the Workmen's Compensation Insurance Act of Ohio, §1465-37 et seq., GC, a jury being waived.

The Court finds from a perusal of the record taken before the Referee that, as was indicated in the claimant's brief, two questions arise in this case:

First, was the employer named an employer of labor within the meaning of the Workmen's Compensation Act of Ohio?

Second, was claimant an employee of the employer named within the meaning of the Workmen's Compensation Act of Ohio?

Concerning the first question, there is no doubt in the Court's mind that at the time the accident happened LeRoy Hinkle was, and had been, employing three or more persons.

Page 46 of the transcript, line 28:

"Q. Who would this fourth person be, then, if you told Mrs. Look on the morning that she was burned that the four of you did it? In other words, there was Dean Faires, and Bus Faires, and his wife and yourself, is that right? A. (By Hinkle) That is right; that is all, I am certain. I feel certain."

As to the second question, whether or not the claimant was an employee or an independent contractor, the Court finds from the testimony that the Hinkle Novelty Company, under which name LeRoy Hinkle was doing business, had formerly transacted business under one roof, and that by reason of an explosion and fire the place of business had been destroyed so that at the present time herein referred to, he had been filling orders by persons who were working on the respective novelties in their respective homes, since there was no other place afforded them to work by Hinkle.

**Gillum v. Industrial Commission of Ohio, 141 Oh St 373, 48 N. E. 2d 234:**

"Whether one is an independent contractor or in service depends upon the facts of each case. The principal test applied to determine the character of the arrangement is that if the employer reserves the right to control the manner or means of doing the work, the relation created is that of master and servant, while if the manner or means of doing the work or job is left to one who is responsible to the employer only for the result, an independent contractor relationship is thereby created."

27 American Jurisprudence 485, Section 5:

"That there is no absolute rule for determining whether one is an independent contractor or an employee and that each case must be determined on its own facts."

31 Corpus Juris 473:

"It is impossible to lay down a rule by which the status of men working and contracting together can be definitely defined in all cases as employees or independent contractors. Each case must depend on its own facts." See also 42 C. J. S., p. 638.

In this instance Hinkle furnished the square boxes and plugs for cigars and cigarettes. He furnished powder and glue to tip matches and furnished the matches, and told the claimant herein what to do and how to do it, and certainly he reserved the right to control the manufacture of these novelties, if not the actual control itself. He was, therefore, an employer and the claimant an employee. And since Hinkle was amenable to the Ohio Workmen's Compensation Insurance Act, employing three or more employees, and she was injured

in the course of and arising out of her employment, she is entitled to participate under the Workmen's Compensation Insurance Act of Ohio.